**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brent Christopher Berge 2012 Trust DTD 12-24-12, | No. CV-25-04577-PHX-SHD |
| Plaintiff, | **ORDER** |
| v. | |
| Lymion Group Incorporated, et al., | |
| Defendants. | |

Before me is the Motion to Remand and Request for Costs and Attorney Fees (Doc. 10) filed by Plaintiff Brent C. Berge, Investment Trustee on behalf of the Brent Christopher Berge 2012 Trust DTD 12-24-12 (the "Trust").  Also pending is the Motion to Dismiss (Doc. 6) filed by Defendants Lymion Group, Inc. ("Lymion") and Marc R.B. De Kuijper ("De Kuijper") (collectively, "Defendants").  For the following reasons, I will grant the Motion to Remand, deny the Trust's request for fees and costs.  Because I will remand this action, I will not address the Motion to Dismiss, which shall remain pending before the state court.

## I.     BACKGROUND

The Trust is an Arizona trust, and Defendants are Florida citizens.  (Doc. 1-1 at 51–52.)  This action arises from the Trust's $750,000 investment in a convertible promissory note issued by Lymion in December 2022, Defendants' alleged misrepresentations inducing that investment, and Lymion's failure to repay principal and interest following the note's December 28, 2024 maturity date.  (*Id.* at 51–84.)

The Trust filed the Complaint in Maricopa County Superior Court on August 12, 2025 ("Original Complaint"), asserting Delaware securities fraud and common-law fraud claims against De Kuijper, Lymion's Chief Executive Officer, Chairman, and largest shareholder, and a breach of contract claim against Lymion. (*Id.* at 3, 8–16, 52.) The Original Complaint alleged on its face that the Trust is a citizen of Arizona, Defendants are citizens of Florida, and the Trust seeks damages of at least $654,914.75. (*Id.* at 2–3, 11.) Defendants were served on August 27, 2025. (*Id.* at 139–144.)

On November 17, 2025, the Trust filed the First Amended Complaint ("Amended Complaint"). (*Id.* at 84–85.) The Amended Complaint (1) added Lymion as a defendant to the Delaware fraud-based counts previously directed only at De Kuijper, (2) pleaded parallel Arizona statutory and common-law fraud claims against both Defendants under the Arizona Securities Act, the Arizona Consumer Fraud Act, and Arizona common law, (3) added a negligent misrepresentation claim against both Defendants, and (4) dropped De Kuijper's spouse from the case. (*Id.* at 52, 58–83.)

Defendants removed the case to this Court on December 8, 2025—103 days after service of the Original Complaint—invoking diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1.) Defendants asserted that removal was timely because the notice of removal was filed within thirty days of the Trust's November 17, 2025 service of the Amended Complaint, which Defendants contend "so changed the character of the litigation as to make it a substantially new suit." (*Id.* at ¶¶ 3–4.) Defendants filed a Rule 12(b)(6) Motion to Dismiss on December 16, 2025. (Doc. 6.)[1] Then, the Trust filed the pending Motion to Remand on January 5, 2026. (Doc. 10.) Defendants responded, (Doc. 14) and the Trust replied (Doc. 15).[2]

## II.   LEGAL STANDARD

Under 28 U.S.C. § 1332, a district court has jurisdiction over a civil action where

---

[1]   The Motion to Dismiss is fully briefed. (Docs. 8, 13.)

[2]   The parties did not request oral argument, and it is not necessary, so this motion is decided without holding a hearing. *See* LRCiv 7.2(f).

the matter in controversy exceeds $75,000 and there is complete diversity of citizenship between the parties.  A civil action brought in a state court over which a federal district court has original jurisdiction may be removed by the defendants to the district court where such an action could have been brought.  28 U.S.C. § 1441.

Under 28 U.S.C. § 1446(b)(1), a defendant must file a notice of removal within thirty days after receipt of the initial pleading when the case stated by that pleading is removable.  The thirty-day clock begins when the initial pleading "affirmatively reveals on its face the facts necessary for federal court jurisdiction."  *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 690–91 (9th Cir. 2005) (quotation marks omitted).  Failure to remove within thirty days waives a party's right to remove.  *Cantrell v. Great Republic Ins. Co.*, 873 F.2d 1249, 1256 (9th Cir. 1989).  Once waived, the right to removal is "generally waived for all time (and for all defendants), regardless of subsequent changes in the case." *Dunn v. Gaiam*, 166 F. Supp. 2d 1273, 1278–79 (C.D. Cal. 2001).

Because federal courts are courts of limited jurisdiction, removal statutes must be strictly construed against removal.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *Harris*, 425 F.3d at 698 (removal statutes must be "construed narrowly in favor of remand to protect the jurisdiction of state courts").  Because there is a "strong presumption" against removal jurisdiction, the removing party bears the burden of establishing that removal is proper.  *Gaus*, 980 F.2d at 566.  If there is any doubt as to the right of removal, federal jurisdiction must be rejected.  *Id.*

### III.    ANALYSIS

#### A.    Section 1446(b)(1)'s Thirty-Day Clock

The threshold question is whether the Original Complaint was removable on its face when served on August 27, 2025.  Because it was, remand is required.

Diversity jurisdiction under § 1332(a) requires complete diversity of citizenship and an amount in controversy exceeding $75,000.  28 U.S.C. § 1332.  The Original Complaint alleged that the Trust is an Arizona trust that is a citizen of Arizona; that Defendants are citizens of Florida; and that the Trust seeks damages of at least $654,914.75.  (Doc. 1-1 at

2–3, 16.)  These allegations affirmatively established diversity jurisdiction on the face of the pleading.

Defendants do not dispute that the Original Complaint was facially removable.  (*See* Doc. 14.)   Accordingly, § 1446(b)(1)'s thirty-day removal period applied, and § 1446(b)(3)—which permits removal within thirty days of an amended pleading only "if the case stated by the initial pleading is not removable"—is inapplicable as a matter of law. 28 U.S.C. § 1446.

### B.    Waiving the Right to Remove

Because the Original Complaint was facially removable, Defendants had thirty days from service to remove.  That deadline expired on September 26, 2025.  Defendants did not remove until December 8, 2025—103 days after service and 73 days late.  Under binding Ninth Circuit law, that delay constitutes waiver.  *Cantrell*, 873 F.2d at 1256 ("[Defendants] lost their opportunity to remove.").

*Cantrell* is directly on point.  In *Cantrell*, the defendants failed to remove within thirty days of a facially removable initial pleading and later attempted to remove after the plaintiff amended the complaint to add a new party.  The Ninth Circuit held the removal untimely, explaining that "[t]here is nothing about the addition of a party plaintiff or defendant . . . that either creates federal jurisdiction or makes the fact of federal jurisdiction newly ascertainable."  *Id.* at 1255.  Later amendments do not restart the removal period when removability existed from the outset.  *Id.* at 1254–56.

That principle applies here with even greater force.  The Amended Complaint did not add a new defendant.  It added Lymion to the Delaware fraud counts previously directed only at De Kuijper, pleaded parallel Arizona-law versions of those claims, added a negligent misrepresentation claim, and dropped De Kuijper's spouse.  None of these amendments created federal jurisdiction or made it newly ascertainable.  Jurisdiction existed from day one; Defendants simply failed to invoke it in time.

### C.    The Revival Doctrine

Defendants concede they missed § 1446(b)(1)'s thirty-day deadline and rely solely

- 4 -

on the judicially-created "revival exception" to excuse their untimely removal.  (*See* Doc. 14.)  The revival exception is a "narrow, judicially-created exception" that may revive a waived right to removal "where the plaintiff files an amended complaint that so changes the nature of the action as to constitute substantially a new suit begun that day." *Dunn*, 166 F. Supp. at 1278–79 (cleaned up).  Circumstances that may trigger the doctrine include where a plaintiff, "seeking to mislead the defendant about the true nature of his suit and thereby dissuade him from removing it, included in his initial complaint . . . an inconsequential but removable federal count unlikely to induce removal and then, after the time for removal had passed without action by the defendant, amended the complaint to add the true and weighty federal grounds that he had been holding back."  *Wilson v. Intercollegiate (Big Ten) Conf. Athletic Assoc.*, 668 F.2d 962, 965 (7th Cir. 1982).

Thus far, the Ninth Circuit has declined to adopt a "revival" exception to the removal time limit.  *See Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1142 (9th Cir. 2013) (expressly declining to decide whether to recognize the exception).  Given the "strong presumption" against removal jurisdiction, *Gaus*, 980 F.2d at 566, there is reason to doubt that the Ninth Circuit would adopt the revival exception.  I need not resolve that question, however, because that exception would not apply on the facts presented.

The Original Complaint was removable on its face under 28 U.S.C. § 1332(a).  The addition of Lymion to the Delaware fraud counts, the parallel Arizona statutory and common-law fraud claims, and the negligent misrepresentation claim do not make the case "more removable" or "again removable."  *See Samura v. Kaiser Found. Health Plan, Inc.*, 715 F. Supp. 970, 972 (N.D. Cal. 1989).  Nor is there any indication that the Trust sought to mislead Defendants about the true nature of this action to dissuade them from removing it.  The Original Complaint (i) was captioned as a "Securities Fraud, Fraud, and Breach of Contract" action, (ii) alleged in detail that De Kuijper knowingly misrepresented Lymion's valuation, customer base, revenues, and financial condition, (iii) pleaded Delaware statutory securities fraud and Delaware common-law fraud with scienter, reliance, and proximate cause elements, and (iv) sought punitive damages. (Doc. 1-1 at 2, 4–16.)  Fraud

has been the centerpiece of this case from day one.

Lymion also cannot credibly claim surprise.  The Original Complaint alleged that De Kuijper—Lymion's CEO, Chairman, and largest shareholder—knowingly misrepresented Lymion's valuation and financial condition to induce Berge's investment in a Lymion-issued note that De Kuijper executed on Lymion's behalf.  (*See id.* at 3–7, 52.)  A corporation whose top officer and controlling shareholder is accused of fraud on its behalf, in a transaction to which the corporation is the counterparty, is on notice from day one that it may face parallel fraud liability.  The Amended Complaint's addition of Lymion to the fraud counts formalized what was already substantively at issue.

Accepting the allegations of the Original Complaint and Amended Complaint as true, the Amended Complaint's additions do not change the scope of Defendants' potential liability, the alignment of the parties, or the general gravamen of the complaint so dramatically as to overlook Defendants' waiver of the right to remove.  *See Dunn*, 166 F. Supp. 2d at 1276, 1280 (holding that the addition of ten causes of action, including a federal RICO claim, to an initial complaint asserting contract causes of action did not revive the right of removal).  Indeed, the Amended Complaint added no new defendants—it dropped one—and the "target" of the litigation (Defendants' inducement scheme and Lymion's default), the relief sought, and the underlying controversy all remain unchanged.  Given the strict construction courts apply to removal statutes and the strong presumption against removal jurisdiction, the Amended Complaint does not constitute "a new suit."  *See id.* at 1279.

### D.    Attorneys' Fees and Costs

Section 1447(c) authorizes an award of "just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  "Conversely, when an objectively reasonable basis exists, fees should be denied."  *Id.*   Removal is not objectively

unreasonable "solely because the removing party's arguments lack merit" and the removal is ultimately unsuccessful. *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008).

Defendants' removal was untimely and the revival doctrine does not save it, but that does not make their invocation of the doctrine objectively unreasonable. Revival has been recognized in several Circuits, and the Ninth Circuit has not yet decided whether to recognize it. *Kuxhausen*, 707 F.3d at 1142. Another court in this Circuit denied fees on similar facts, reasoning that "[g]iven the vagaries of the 'revival exception', the Court cannot say it was unreasonable for Defendant to seek its application here." *Eminence Investors, L.L.L.P. v. Bank of N.Y. Mellon*, 24 F. Supp. 3d 968, 979–80 (E.D. Cal. 2014). I find that reasoning persuasive.

The fee inquiry under *Martin* is not whether Defendants' arguments were correct or well-executed; it is whether an objectively reasonable basis for seeking removal existed. Given the doctrine's recognition in other circuits and the Ninth Circuit's unresolved position, and given that the Amended Complaint did expand the case by adding six new causes of action and invoking multiple state statutory schemes, a reasonable defendant could have concluded—even if incorrectly—that the revival exception warranted an attempt at removal. That is enough under *Martin* to defeat a fee award.

Accordingly, I will deny the Trust's request for fees and costs under § 1447(c).

### E.    Motion to Dismiss

Because I will remand this action to state court, I will not address Defendants' Motion to Dismiss (Doc. 6), which will remain pending before the state court.

## IV.    CONCLUSION

Defendants failed to remove within the thirty-day deadline imposed by 28 U.S.C. § 1446(b)(1). That failure constitutes waiver under *Cantrell*, and the revival doctrine—which the Ninth Circuit has not adopted and which in any event would not apply to this case—cannot rescue Defendants' untimely removal. I will therefore remand this action to the Maricopa County Superior Court. Because Defendants' invocation of the revival

doctrine was not objectively unreasonable under *Martin*, however, I will deny the Trust's request for fees and costs.

Accordingly,

**IT IS ORDERED** granting the Trust's Motion to Remand (Doc. 10) to the extent it seeks remand to Maricopa County Superior Court.

**IT IS FURTHER ORDERED** denying the Trust's request for an award of costs and attorneys' fees under 28 U.S.C. § 1447(c).

**IT IS FURTHER ORDERED** remanding this action, including Defendants' pending Motion to Dismiss (Doc. 6), to the Maricopa County Superior Court, Case No. CV2025-028537, pursuant to 28 U.S.C. § 1447(c).

**IT IS FURTHER ORDERED** directing the Clerk of Court to transmit a certified copy of this Order to the Clerk of the Maricopa County Superior Court and to close this case.

Dated this 27th day of July, 2026.

Honorable Sharad H. Desai
United States District Judge